**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| DEBRA NEWBERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 11-3253-CV-S-FJG |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

This is a proceeding under Title II of the Social Security Act and for supplemental security income benefits under Title XVI. 42 U.S.C. §§ 401 et seq. and 1381 et seq. Plaintiff's application for benefits were denied initially and on reconsideration. Thereafter, plaintiff requested an administrative hearing. On April 9, 2010, the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. Plaintiff then requested review by the Appeals Council. On June 1, 2011, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

The Eighth Circuit recently stated the standard for judicial review of an ALJ's denial of benefits:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because

substantial evidence exists in the record that would have supported a
contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006)(citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000)).

Plaintiff argues that the ALJ erred when he incorrectly determined her residual functional capacity, incorrectly compared the requirements of her past work with the limitations contained in the residual functional capacity and also when he failed to conduct a proper credibility analysis. The Court agrees. As the Court stated in Kessler v. Astrue, No. 4:09CV3073, 2011 WL 1238921 (D.Neb. Mar. 30, 2011), "[A]n ALJ has an obligation to fully investigate and make *explicit* findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant [her]self is capable of doing before he determines that [she] is able to perform her past relevant work." Id. at *7 (quoting Groeper v. Sullivan, 932 F.2d 1234, 1238 (8th Cir.1991)). Additionally, the Court in Ingram v. Chater, 107 F.3d 598, 604 (8th Cir.1997) stated, "A conclusory determination that a claimant can perform past work without these findings . . . does not constitute substantial evidence that the claimant is able to return to his past work." The ALJ in this case after discrediting several opinions of consulting psychologists stated only "the residual functional capacity in this decision is based upon additional medical evidence of record and testimony." However, the ALJ never specifically describes what medical evidence or testimony he is relying upon. The Court also finds that the ALJ did not consider plaintiff's exertional limitations. The ALJ did not mention or even discuss plaintiff's medical impairments of back and neck pain and

migraines due to degenerative disc disease.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final decision of the ALJ is hereby **GRANTED** (Doc. # 7) and the decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

Date: <u>August 2, 2012</u>                                   **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                          Fernando J. Gaitan, Jr.
                                                        Chief United States District Judge